CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 21 2008
JOHN F. CORCORAN, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| STEVEN WEINSTEIN, | ) |
| Plaintiff, | ) Civil Action No. 4:07CV00045 |
| v. | ) |
| AT&T MOBILITY LLC and KATHRYN CHIAROLONZIO | ) MEMORANDUM OPINION |
| Defendants. | ) By: James C. Turk<br>) Senior United States District Judge |

Plaintiff Steven Weinstein ("Weinstein"), a resident of Danville, Virginia, brings this action against defendants AT&T Mobility LLC ("AT&T") and Kathryn Chiarolonzio ("Chiarolonzio") claiming tortious intrusion of proprietary information pursuant to 47 U.S.C. § 222(a), improper divulgence of communications pursuant to 47 U.S.C. § 605(a), and improper use of communications pursuant to 47 U.S.C § 605(a). This matter is before the court on defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), on grounds that Weinstein fails to state a cause of action under either 47 U.S.C. § 222(a) or 47 U.S.C. § 605(a). An in-chambers hearing was held on February 6, 2008, at which the parties presented oral argument concerning the motions to dismiss. This court granted Weinstein leave to amend his complaint and allowed the parties to file supplemental briefs. Upon review of the facts and allegations set forth in Weinstein's amended complaint in the light most favorable to him under Rule 12(b)(6), the court finds that Weinstein fails to state a cause of action under either 47 U.S.C. § 222(a) or 47 U.S.C. § 605(a). Accordingly, the defendants' motions to dismiss will be granted.

# I.

In his amended complaint, Weinstein alleges that he purchased a cellular phone from the AT&T store in Danville, Virginia on June 29, 2007. Weinstein previously held an account with AT&T and added this new phone to his account that day. While finishing the transaction, Weinstein struck up a conversation with Chiarolanzio, an AT&T employee. On the following day, Weinstein returned to the AT&T store and purchased another cellular phone. Chiarolanzio assisted Weinstein during this transaction. In order to access his account, Weinstein provided Chiarolanzio with his existing cellular phone number, but no other personal information. After the transaction, Chiarolanzio expressed an interest in forming a relationship with Weinstein. Soon thereafter, Weinstein and Chiarolanzio exchanged phone calls and text messages and met outside of the store on at least one occasion.

In late July, Weinstein allegedly discovered that Chiarolanzio was in fact a married woman. He subsequently expressed a lack of interest in pursuing a relationship with Chiarolanzio. On or about July 27, 2007, Chiarolanzio used her position as an AT&T employee to access Weinstein's phone records. Chiarolanzio then generated a new cell phone number and account and made several calls and sent text messages to two women that Weinstein had called with some frequency. On August 10, 12, and 16, of 2007, Chiarolanzio sent text messages to these women. The text messages concerned Weinstein and his relationships.

On August 16, 2007, Weinstein filed a criminal complaint of stalking against Chiarolanzio. A warrant was served and Chiarolanzio was arrested on August 17, 2007. On that date, Weinstein contacted AT&T District Manager, Thomas Ricotta. On or about September 6, 2007, the AT&T store in Danville requested Chiarolanzio to explain her actions. Chiarolanzio quit her job with

AT&T before speaking with her employer regarding the incidents. In total, the amended complaint alleges that Chiarolanzio misused Weinstein's information a minimum of sixty-nine separate times in a three-week period in the summer of 2007.

## II.

This matter is before the court on defendants' Rule 12(b)(6) motions to dismiss. A Rule 12(b)(6) motion should not be granted unless it is clear as a matter of law, after accepting the facts alleged in the complaint as true and construing the allegations in the light most favorable to the plaintiff, that the court could not grant relief under any set of facts the plaintiff could prove consistent with his allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). Additionally, dismissal under Rule 12(b)(6) is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## III.

Weinstein's amended complaint alleges that AT&T and Chiarolanzio are liable for tortious intrusion pursuant to 47 U.S.C. § 222(a), a provision of the Telecommunications Act ("the Act"). This subsection mandates that "every telecommunications carrier has a duty to protect the confidentiality of proprietary information of, and relating to, other telecommunication carriers, equipment manufacturers, *and customers*, including telecommunication carriers reselling telecommunications services provided by a telecommunications carrier." Id. (emphasis added). Weinstein argues that AT&T breached this duty by allowing Chiarolanzio to improperly access Weinstein's call information. Weinstein further argues that AT&T violated 47 U.S.C. § 222(c) by

3

improperly disclosing "customer proprietary network information." Section 222(h)(1) defines "customer proprietary network information" in pertinent part as "information that relates to the quantity, technical configuration, type, destination, location, and amount of use of a telecommunications service subscribed to by any customer . . . [and] information contained in the bills pertaining to telephone exchange service or telephone toll service received by a customer of a carrier."

The Act has provisions that specifically govern private rights of action. In regards to damages, section 206 requires that a common carrier in violation of the Act "shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this Act, together with a reasonable counsel or attorney's fee, to be fixed by the court." 47 U.S.C. § 206. Section 207 follows that:

> Any person damaged by a common carrier . . . may either make complaint to the Commission [the FCC] . . . or may bring suit for the recovery of the damages for which the common carrier may be liable under the provisions of this Act, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies.

47 U.S.C. § 207.

The amended complaint details a list of alleged violations executed by Chiarolanzio due to the alleged improper conduct on the part of AT&T. However, Weinstein does not claim any specific damages other than "substantial damages, suffering, and loss." AT&T argues that in order for Weinstein to state a claim, he must allege and prove specific damages flowing from the act. In Memphis Cmty. Sch. Dist. v. Stachura, the United States Supreme Court held:

> Damages in tort cases are designed to provide compensation for the injury caused to plaintiff by defendant's breach of duty; to that end,

4

> compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation, personal humiliation, and mental anguish and suffering; while deterrence is also an important purpose of this system, it operates through the mechanism of damages that are compensatory--damages grounded in determinations of plaintiff's actual losses.

477 U.S. 299, 306-7, 106 S. Ct. 2537, 2542-43 (1986) (internal citations omitted). To echo the Supreme Court, damages for less quantified harms such as humiliation and mental anguish are surely recoverable. See also Chesapeake and Potomac Tel. Co. v. Carless, 127 Va. 5 (1920) (holding that recovery is allowable for damages that cannot be accurately stated by the suing party). However, Weinstein does not specifically argue that he has suffered personal humiliation, mental anguish, or suffering. Even if, assuming arguendo, that mental pain and suffering can be construed as implicit in the amended complaint, mere mental pain and anxiety are too vague for legal redress where no injury is done to person, property, health or reputation. S. Express Co. v. Byers, 240 U.S. 612, 615 (1916). Weinstein alleges no injury to his person, property, health, or reputation. In conclusion, Weinstein's amended complaint does not specify recoverable damages under 47 U.S.C. § 222.

In a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the material allegations of the complaint are taken as admitted. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). It is evident from the amended complaint that when Chiarolanzio accessed Weinstein's phone records, placed calls, and sent text messages to numbers listed in Weinstein's phone records, that she acted outside the scope of her employment. It is neither alleged nor conceivable that Chiarolanzio acted at the direction, tacit or otherwise, of AT&T when she accessed Weinstein's phone records and communicated with people listed on his call log. Additionally, section 222 only applies duties to telecommunication carrier defendants, not individuals. As Chiarolanzio was acting outside the scope

of her employment, she acted in an individual capacity. Therefore, no private right of action exists against Chiarolanzio under 47 U.S.C. § 222. Accordingly, for the reasons stated above, AT&T's and Chiarolanzio's motions to dismiss will be granted as to Weinstein's claim of tortious intrusion under 47 U.S.C. § 222(a).

## IV.

In his amended complaint, Weinstein alleges that AT&T improperly divulged interstate communications, improperly used said communications, and that Chiarolanzio improperly used said communications all pursuant to 47 U.S.C. § 605(a). Section 605 prohibits the unauthorized reception, interception, publication, or divulgence of interstate radio or wire communications. See Cox Cable Area, Inc. v. King, 582 F. Supp. 376, 379 (N.D. Ohio 1983). Specifically, Section 605 states that "no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport effect, or meaning thereof . . . to any person other than the addressee, his agent or attorney." 47 U.S.C. § 605(a). Section 605 was initially aimed at preventing unauthorized use of radio signals by those authorized to transmit these signals as well as those not involved in authorized transmission. Cal. Satellite Systems v Seimon, 767 F.2d 1364, 1366 (9th Cir. 1985). In recent years, this statue has most commonly been used by plaintiff corporations to prevent the unauthorized reception of satellite television signals. See Joe Hand Promotions, Inc. v. Angry Ales, Inc., 2007 U.S. Dist. LEXIS 79984 (W.D. N.C. 2007), Kingvision Pay-Per-View, LTD, v. Las Reynas Rest., 2007 U.S. Dist. LEXIS 67515 (E.D. N.C. 2007).

In the instant matter, Chiarolanzio accessed Weinstein's phone records which included a list of frequently called numbers. Chiarolanzio repeatedly called and sent text messages to numbers

6

published on that list. Chiarolanzio gained access to these numbers because her job duties at AT&T required frequent access to customer phone records. As in the aforementioned analysis of 47 U.S.C. § 222(a), Chiarolanzio was clearly operating outside the scope of her employment and in an individual capacity. She did not access Weinstein's phone records, place calls, or send text messages to numbers listed in Weinstein's phone records at the direction, tacit or otherwise, of AT&T. Chiarolanzio's actions cannot impose any liability on AT&T. Therefore, AT&T's motion to dismiss will be granted as to Weinstein's claims under 47 U.S.C. § 605.

Chiarolanzio did improperly access Weinstein's phone records of her own volition. However, this type of intrusion is not barred by 47 U.S.C. § 605. As per the elements of the offense detailed in the statute, Chiarolanzio did not publish or receive an interstate communication by way of wire or radio and subsequently divulge or publish such communications to an unauthorized third party. Furthermore, this court follows the non-authoritative, but convincing decision in Stayrook v. Verizon Wireless Serv., LLC, 2007 U.S. Dist. LEXIS 38718 (N.D. Ohio 2007). In that case, the plaintiff's cellular phone account information was disclosed to a third party. The plaintiff subsequently filed suit, pursuant to 47 U.S.C. § 605. The district court noted that given the type of information examined and disclosed, there existed "no viable claim under 47 U.S.C. § 605." Id. at *6. In that case, the plaintiff conceded that 47 U.S.C. § 605 provided him no private right of action and he subsequently amended his complaint to pursue redress through traditional tort claims of invasion of privacy and intentional infliction of emotional distress. Id. at *3. Regarding the facts alleged in the amended complaint, 47 U.S.C. § 605 does not allow Weinstein a private right of action in this case. Accordingly, this court will grant defendant Chiarolanzio's motion to dismis.

For the reasons stated, this court grants defendants' Rule 12(b)(6) motions to dismiss as to

7

all claims in Plaintiff's amended complaint. The Clerk is directed to send copies of this memorandum opinion and accompanying order to counsel of record for both the plaintiff and the defendant. The Clerk is further directed to remove this case from the Court's active docket.

**ENTER**: This 21st day of April, 2008.

*/s/ James C. Turk*
The Honorable James C. Turk
Senior United States District Judge

8

Case 4:07-cv-00045-JCT   Document 37   Filed 04/21/08   Page 8 of 8   Pageid#: 150